1   Mark A. Cantor
    mcantor@brookskushman.com
2   John S. Le Roy
    jleroy@brookskushman.com
3   Marc Lorelli
    mlorelli@brookskushman.com
4   BROOKS KUSHMAN P.C.
    1000 Town Center, Twenty-Second Floor
5   Southfield, MI 48075
    Tel.:  (248) 358-4400
6   Fax:  (248) 358-3351

7   Mark B. Mizrahi (SBN 179,384)
    mmizrahi@brookskushman.com
8   BROOKS KUSHMAN P.C.
    6701 Center Drive, Suite 610
9   Los Angeles, CA 90045
    Tel.:  (310) 348-8200
10  Fax:  (310) 846-4799

11  *Attorneys for Plaintiff*
    *Ancora Technologies, Inc.*

12  [Counsel for remaining parties are
13  listed on next page]

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16  ANCORA TECHNOLOGIES, INC.,          Case No.   CV 10-10045-AG-(MLGx)

17                    Plaintiff,        ~~JOINT PROPOSED~~
                                        PROTECTIVE ORDER
18        v.                            REGARDING THE
                                        DISCLOSURE AND USE OF
19  APPLE INC.,                         DISCOVERY MATERIAL

20                    Defendant.

21  APPLE INC.,

22                    Counterclaim Plaintiff,

23        v.                            **JURY TRIAL DEMANDED**

24  ANCORA TECHNOLOGIES, INC.,

25                    Counterclaim Defendant.

26

27

28

sf-3021645

1    MICHAEL A. JACOBS (CA SBN 111664)
     mjacobs@mofo.com
2    RICHARD S.J. HUNG (CA SBN 197425)
     rhung@mofo.com
3    FRANCIS C. HO (CA SBN 247426)
     fho@mofo.com
4    MORRISON & FOERSTER LLP
     425 Market Street
5    San Francisco, CA  94105-2482
     Telephone: (415) 268-7000
6    Facsimile: (415) 268-7522

7    BITA RAHEBI (CA SBN 209351)
     brahebi@mofo.com
8    MORRISON & FOERSTER LLP
     555 West Fifth Street, Suite 3500
9    Los Angeles, CA 90013-1024
     Telephone: (213) 892-5200
10   Facsimile: (213) 892-5454

11   *Attorneys for Defendant and*
     *Counterclaim Plaintiff Apple Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**

2    WHEREAS, Plaintiff Ancora Technologies, Inc. and Defendant Apple Inc.,

3    hereafter referred to as "the Parties," believe that certain information that is or will

4    be encompassed by discovery demands by the Parties involves the production or

5    disclosure of Trade Secrets, confidential business information, or other proprietary

6    information;

7    WHEREAS, the Parties seek a protective order limiting disclosure thereof in

8    accordance with Federal Rule of Civil Procedure 26(c):

9    THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

10   1.    As used in this Protective Order, the following terms shall have the meanings

11         set forth below.

12         (a)    "Patent-in-Suit" means U.S. Patent No. 6,411,941, and any other

13                patent asserted in this action, as well as any continuations,

14                continuations-in-part and/or divisionals.

15         (b)    "Producing Party" means any Party or non-party entity that discloses

16                or produces any Discovery Material in this case.

17         (c)    "Receiving Party" means any Party who receives Discovery Material

18                from a Producing Party.

19         (d)    "Source Code" means computer code, scripts, assembly, object code,

20                source code listings and descriptions of source code, object code

21                listings and descriptions of object code, and Hardware Description

22                Language (HDL) or Register Transfer Level (RTL) files that describe

23                the hardware design of any ASIC or other chip.

24         (e)    "Trade Secret(s)" shall have the meaning set forth in California Civil

25                Code § 3426.1 as follows: "information, including a formula, pattern,

26                compilation, program, device, method, technique, or process that

27                (1) Derives independent economic value, actual or potential, from not

28                being generally known to the public or to other persons who can obtain

1

economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

2.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or Trade Secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

3.    Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

4.    With respect to documents, information or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED

sf-3021645

MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation:  (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

5.    A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED - CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

---

[1]  The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED - CONFIDENTIAL SOURCE CODE," both individually and collectively.

sf-3021645

6.       "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

      (a)      outside counsel of record in this Action for the Parties;

      (b)      employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action

      (c)      subject to the requirements of paragraph 14 herein, up to (2) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, as well as their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

      (d)      subject to the requirements of paragraph 14 herein, up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that 1) the Parties agree to address at a later time whether DESIGNATED MATERIAL may be disclosed to Miki Mullor of Plaintiff Ancora Technologies, Inc.[2] and 2) either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the

---

[2] Until the parties address this issue, Apple's DESIGNATED MATERIAL shall not be disclosed to Mr. Mullor.  Nothing in this Protective Order shall be construed to prevent a Party from requesting guidance from the Court on this issue.

sf-3021645

1   other party has unreasonably withheld such consent;

2   (e)   subject to the requirements of paragraphs 11-13 herein, consultants

3   and experts who have been retained by the receiving party or its

4   outside counsel of record to provide assistance in this matter (with

5   disclosure only to the extent necessary to perform such work) and who

6   are not current employees of the receiving party (however, a party is

7   not precluded from moving for leave to permit disclosure of

8   CONFIDENTIAL materials to one or more designated employees);

9   (f)   independent litigation support services, including persons working for

10   or as court reporters, graphics or design services, jury or trial

11   consulting services, and photocopy, document imaging, and database

12   services retained by counsel and reasonably necessary to assist counsel

13   with the litigation of this Action; and

14   (g)   Any mediator who is assigned to hear this matter, and his or her staff,

15   subject to their agreement to maintain confidentiality to the same

16   degree as required by this Protective Order; and

17   (h)   the Court and its personnel.

18   7.   A Party shall designate documents, information or material as

19   "CONFIDENTIAL" only upon a good faith belief that the documents,

20   information or material contains confidential or proprietary information or

21   Trade Secrets of the Party or a Third Party to whom the Party reasonably

22   believes it owes an obligation of confidentiality with respect to such

23   documents, information or material.

24   8.   Documents, information or material produced pursuant to any discovery

25   request in this Action, including but not limited to Protected Material

26   designated as DESIGNATED MATERIAL, shall be used by the Parties only

27   in the litigation of this Action and shall not be used for any other purpose.

28   Any person or entity who obtains access to DESIGNATED MATERIAL or

5

sf-3021645

the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.   To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes Source Code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED - CONFIDENTIAL SOURCE CODE."

10.  For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 6(c) be limited to no more than two (2) in-house counsel who exercise no competitive decision-making authority on behalf of the client.

11.  Prior to disclosure of any DESIGNATED MATERIALS to any consultant or expert, the receiving party shall first give written notice to the producing party, who shall have five (5) business days after such notice is given (plus three (3) business days if notice is given other than by hand delivery, e-mail transmission, or facsimile transmission) to object in writing. The party desiring to disclose DESIGNATED MATERIALS to a consultant or expert shall provide the curriculum vitae of such individual and shall include the

sf-3021645

1    following information about such individual in the written notice:

2    (a) business address;

3    (b) business title;

4    (c) business or profession;

5    (d) any previous or current relationship (personal or professional) with any of

6    the Parties; and

7    (e) a listing of other cases in which the individual has testified (at trial or

8    deposition), and all companies with which the individual has consulted or by

9    which the individual has  been employed, within the last four years.

10   12.   No Protected Material shall be disclosed to such consultant or expert until

11   after the expiration of the foregoing notice period.

12   13.   If during the notice period the producing party serves an objection upon the

13   receiving party desiring to disclose DESIGNATED MATERIALS to the

14   consultant or expert, there shall be no disclosure of DESIGNATED

15   MATERIALS to such individual pending resolution of the objection. The

16   producing party objecting to disclosure of DESIGNATED MATERIALS to

17   the individual may only object based on good cause and must disclose and

18   shall provide a detailed explanation of the basis of its objection.  Consent to

19   the disclosure of DESIGNATED MATERIALS to the individual shall not be

20   unreasonably withheld. If a producing party objects to the disclosure of

21   DESIGNATED MATERIALS to a consultant or expert, the receiving party

22   and producing party shall meet and confer pursuant L.R. 37-1 regarding the

23   objection within three (3) business days after such objection is served. If the

24   Parties cannot come to an agreement, the producing party shall have seven

25   (7) business days to serve the receiving party with the producing party's

26   portion of a joint submission under L.R. 37-2.1. The Parties shall thereafter

27   follow the procedures set forth in L.R. 37-2.1 to file the joint submission for

28   resolution by the Court whether the consultant or expert shall be precluded

7

sf-3021645

from having access to the producing party's DESIGNATED MATERIALS, or for other appropriate relief. It is the producing party's burden to show there is good cause to prevent the disclosure of DESIGNATED MATERIALS to the consultant or expert.  If the producing party fails to serve a written objection or to serve its portion of the joint stipulation within the prescribed periods above, then any objection to the disclosure of DESIGNATED MATERIALS to the consultant or expert is waived, and any DESIGNATED MATERIALS may be thereafter disclosed to such individual. No document designated by a producing party as DESIGNATED MATERIALS shall be disclosed by a receiving party to a consultant or expert until after the individual has signed the Undertaking appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by the outside counsel of record for the party that has retained the consultant or expert and shall be disclosed to any other party.

14.    Prior to disclosure of any DESIGNATED MATERIALS to any current employee or officer of the receiving party, outside counsel of record for the receiving party shall first obtain from such individual a signed Undertaking, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by outside counsel of record for the receiving party, and a copy of which shall be produced to the producing party within seven (7) calendar days after execution.

15.    For Protected Material designated RESTRICTED - CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or

8

the Internet).  The stand-alone computer(s) may be connected to a printer.  The stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel;

(b)     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

sf-3021645

existing employees or affiliates of a Party or an affiliate of a Party)
retained for the purpose of this litigation and approved to access such
Protected Materials pursuant to paragraph 6(e) above.  A Receiving
Party may include excerpts of Source Code Material in a pleading,
exhibit, expert report, discovery document, deposition transcript, other
Court document, provided that the Source Code Documents are
appropriately marked under this Order, restricted to those who are
entitled to have access to them as specified herein, and, if filed with
the Court, filed under seal in accordance with the Court's rules,
procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source
Code Document, either (1) the entire Source Code Document will be
stamped and treated as RESTRICTED CONFIDENTIAL SOURCE
CODE or (2) those pages containing quoted Source Code Material will
be separately stamped and treated as RESTRICTED CONFIDENTIAL
SOURCE CODE;

(g)     Except as set forth in paragraph 11(k) below, no electronic copies of
Source Code Material shall be made without prior written consent of
the Producing Party, except as necessary to create documents which,
pursuant to the Court's rules, procedures and order, must be filed or
served electronically;

(h)     The Receiving Party shall be permitted to make a reasonable number
of printouts and photocopies of Source Code Material, all of which
shall be designated and clearly labeled "RESTRICTED
CONFIDENTIAL SOURCE CODE," and the Receiving Party shall
maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic
media, such media shall be labeled "RESTRICTED CONFIDENTIAL

sf-3021645

1    SOURCE CODE" and shall continue to be treated as such;

2    (j)    If the Receiving Party's outside counsel, consultants, or experts obtain

3           printouts or photocopies of Source Code Material, the Receiving Party

4           shall ensure that such outside counsel, consultants, or experts keep the

5           printouts or photocopies in a secured locked area in the offices of such

6           outside counsel, consultants, or expert.  The Receiving Party may also

7           temporarily keep the printouts or photocopies at: (i) the Court for any

8           proceedings(s) relating to the Source Code Material, for the dates

9           associated with the proceeding(s); (ii) the sites where any deposition(s)

10          relating to the Source Code Material are taken, for the dates  associated

11          with the deposition(s); and (iii) any intermediate location reasonably

12          necessary to transport the printouts or photocopies (*e.g.*, a hotel prior

13          to a Court proceeding or deposition); and

14   (k)    A Producing Party's Source Code Material may only be transported by

15          the Receiving Party at the direction of a person authorized under

16          paragraph 11(e) above to another person authorized under paragraph

17          11(e) above, on paper, via hand carry.  Source Code Material may not

18          be transported or transmitted electronically over a network of any kind,

19          including a LAN, an intranet, or the Internet.  Source Code Material

20          may only be transported electronically for the purpose of Court

21          proceeding(s) or deposition(s) as set forth in paragraph 11(j) above and

22          is at all times subject to the transport restrictions set forth herein.  But,

23          for those purposes only, the Source Code Materials may be loaded

24          onto a stand-alone computer.

25   (l)    Paragraphs 15(a)-(k) apply to Ancora's Source Code Material

26          designated RESTRICTED - CONFIDENTIAL SOURCE CODE and

27          Apple's Source Code Material relating to iOS source code that has

28          been designated RESTRICTED - CONFIDENTIAL SOURCE CODE,

11

but not other Apple Source Code Material.  The parties agree to meet and confer in good faith on additional protections, if any, that may be required for the production and access to any source code material other than iOS source code.

16.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application relating to the subject of the U.S. Patent No 6,411,941 or the subject of operating system software security for personal computers on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the Patent-in-Suit.

17.   Notwithstanding Paragraph 16, in the event reexamination is requested and Apple believes that Ancora's counsel should be prohibited from substantively participating in the reexamination prosecution, Apple may move for a Protective Order within 10 days of the reexamination request, and Ancora may oppose Apple's motion.

18.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

19.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

20.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED

13

1    MATERIAL by virtue of his or her employment with the designating party,

2    (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or

3    copy recipient of such information, (iii) although not identified as an author,

4    addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the

5    ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a

6    current or former officer, director or employee of the Producing Party or a

7    current or former officer, director or employee of a company affiliated with

8    the Producing Party; (v) counsel for a Party, including outside counsel and

9    in-house counsel (subject to paragraph 10 of this Order); (vi) an independent

10   contractor, consultant, and/or expert retained for the purpose of this

11   litigation; (vii) court reporters and videographers; (viii) the Court; or

12   (ix) other persons entitled hereunder to access to DESIGNATED

13   MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any

14   other persons unless prior authorization is obtained from counsel

15   representing the Producing Party or from the Court.

16   21.   Parties may, at the deposition or hearing or within thirty (30) days after

17   receipt of a deposition or hearing transcript, designate the deposition or

18   hearing transcript or any portion thereof as "CONFIDENTIAL,"

19   "CONFIDENTIAL - ATTORNEY' EYES ONLY," or "RESTRICTED

20   CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the

21   deposition or hearing transcript so designated shall be limited in accordance

22   with the terms of this Order.  Until expiration of the 30-day period, the entire

23   deposition or hearing transcript shall be treated as confidential.

24   22.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed

25   under seal and shall remain under seal until further order of the Court.  The

26   filing party shall be responsible for informing the Clerk of the Court that the

27   filing should be sealed and for placing the legend "FILED UNDER SEAL

28   PURSUANT TO PROTECTIVE ORDER" above the caption and

14

1   conspicuously on each page of the filing.  Exhibits to a filing shall conform
2   to the labeling requirements set forth in this Order.  If a pretrial pleading filed
3   with the Court, or an exhibit thereto, discloses or relies on confidential
4   documents, information or material, such confidential portions shall be
5   redacted to the extent necessary and the pleading or exhibit filed publicly
6   with the Court.

7   23.   The Order applies to pretrial discovery.  Nothing in this Order shall be
8         deemed to prevent the Parties from introducing any DESIGNATED
9         MATERIAL into evidence at the trial of this Action, or from using any
10        information contained in DESIGNATED MATERIAL at the trial of this
11        Action, subject to any pretrial order issued by this Court.

12  24.   A Party may request in writing to the other Party that the designation given to
13        any DESIGNATED MATERIAL be modified or withdrawn.  If the
14        designating Party does not agree to redesignation within ten (10) days of
15        receipt of the written request, the requesting Party may apply to the Court for
16        relief.  Upon any such application to the Court, the burden shall be on the
17        designating Party to show why its classification is proper.  Such application
18        shall be treated procedurally as a motion to compel pursuant to Federal Rules
19        of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.
20        In making such application, the requirements of the Federal Rules of Civil
21        Procedure and the Local Rules of the Court shall be met.  Pending the
22        Court's determination of the application, the designation of the designating
23        Party shall be maintained.

24  25.   Each outside consultant or expert to whom DESIGNATED MATERIAL is
25        disclosed in accordance with the terms of this Order shall be advised by
26        counsel of the terms of this Order, shall be informed that he or she is subject
27        to the terms and conditions of this Order, and shall sign an acknowledgment
28        that he or she has received a copy of, has read, and has agreed to be bound by

15

this Order.  A copy of the acknowledgment form is attached as Appendix A.

26.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves Trade Secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

27.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

28.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.  Notwithstanding the provisions for return of DESIGNATED MATERIAL, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source

16

sf-3021645

1  Code Material.

2  29.   The failure to designate documents, information or material in accordance

3  with this Order and the failure to object to a designation at a given time shall

4  not preclude the filing of a motion at a later date seeking to impose such

5  designation or challenging the propriety thereof.  The entry of this Order

6  and/or the production of documents, information and material hereunder shall

7  in no way constitute a waiver of any objection to the furnishing thereof, all

8  such objections being hereby preserved.

9  30.   Any Party knowing or believing that any other party is in violation of or

10  intends to violate this Order and has raised the question of violation or

11  potential violation with the opposing party and has been unable to resolve the

12  matter by agreement may move the Court for such relief as may be

13  appropriate in the circumstances.  Pending disposition of the motion by the

14  Court, the Party alleged to be in violation of or intending to violate this Order

15  shall discontinue the performance of and/or shall not undertake the further

16  performance of any action alleged to constitute a violation of this Order.

17  31.   Production of DESIGNATED MATERIAL by each of the Parties shall not

18  be deemed a publication of the documents, information and material (or the

19  contents thereof) produced so as to void or make voidable whatever claim the

20  Parties may have as to the proprietary and confidential nature of the

21  documents, information or other material or its contents.

22  32.   Nothing in this Order shall be construed to effect an abrogation, waiver or

23  limitation of any kind on the rights of each of the Parties to assert any

24  applicable discovery or trial privilege.

25  33.   Each of the Parties shall also retain the right to file a motion with the Court

26  (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL

27  to additional persons or entities if reasonably necessary to prepare and

28

17

sf-3021645

1    present this Action and (b) to apply for additional protection of

2    DESIGNATED MATERIAL.

3

4                              Respectfully submitted,

5                              BROOKS KUSHMAN P.C.

6                              By:   /s/ John S. LeRoy
7                                   Mark A. Cantor
                                    mcantor@brookskushman.com
8                                   John S. Le Roy
                                    jleroy@brookskushman.com
9                                   Marc Lorelli
                                    mlorelli@brookskushman.com
10                                  1000 Town Center, Twenty-Second Floor
                                    Southfield, MI 48075
11                                  Tel.: (248) 358-4400 – Fax: (248) 358-3351

12                                  *Attorneys for Plaintiff*
                                    *Ancora Technologies, Inc.*

13                             MORRISON & FOERSTER, LLP

14                             By: /s/ Bita Rahebi (w/permission)
                                    Michael A. Jacobs
15                                  mjacobs@mofo.com
                                    Richard S.J. Hung
16                                  rhung@mofo.com
                                    Francis C. Ho
17                                  fho@mofo.com
                                    425 Market Street
18                                  San Francisco, CA 94105-2482
                                    Telephone: (415) 268-7000
19                                  Facsimile: (415) 268-7522

20                                  Bita Rahebi
                                    brahebi@mofo.com
21                                  555 West Fifth Street, Suite 3500
                                    Los Angeles, CA 90013-1024
22                                  Telephone: (213) 892-5200
                                    Facsimile: (213) 892-5454
23
                                    *Attorneys for Defendant Apple Inc.*
24

25

26

27

28

                                    18

1                                    **ORDER**

2

3            IT IS SO ORDERED.

4     Dated: August 10, 2011                    _____

5                                               The Honorable Marc L. Goldman
                                                United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sf-3021645

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____ declare that:

1.    My address is _____

My current employer is _____

My current occupation is _____

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____

sf-3021645

APPENDIX A-1