

Ernie L. Brooks
1942-2007

**Brooks Kushman P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan  48075-1238  USA

Tel (248) 358-4400 ● Fax (248) 358-3351

www.brookskushman.com

February 11, 2013

Honorable Yvonne Gonzalez Rogers
U.S. District Court, N.D. of California
1301 Clay Street, Oakland City Center
Oakland, CA  94612

      Re:   *Ancora Technologies, Inc. vs. Apple, Inc.*
               Case No.: 4:11-cv-06357-YGR

Dear Judge Gonzalez Rogers:

        This letter is in response to defendant Apple's February 6, 2013 request for leave to move for early summary judgment of non-infringement.  For the reasons explained below, Apple's request should be denied, in part.

        In Your Honor's December 31, 2012 claim construction Order, the claim term "program" was limited to a particular *type* of computer program, namely an "application."  Apple contends that Ancora cannot establish a claim of infringement against Apple's "iOS" operating system software pursuant to the Court's construction.  Ancora does not dispute this.  Ancora ceased proceeding with its claim against Apple's iOS operating system immediately upon receiving the Court's Claim Construction Order.  Ancora has informed Apple that, pursuant to the Court's construction, Ancora cannot establish infringement against Apple's operting system.  Thus, a summary judgment order *limited* to Apple's iOS operating system is appropriate under the Court's claim construction.

        While Ancora categorically disagrees with Apple's non-infringement argument with respect to the "license record" term, there is no point in debating Apple given the parties' apparent agreement with respect to the iOS operating system and Court's construction of the term "program."

        Apple's broader request for summary judgment "to end these proceedings" is inappropriate.  Apple's letter is not forthcoming about circumstances which undermine its request for case-dispositive relief.

        Ancora's investigation indicates that Apple uses a secure verification process for non-operating system "applications" that is very similar to the secure verification process Apple uses for its iOS operating system.  To verify applications, Apple devices use "provisioning profiles" which include at least the name of the application, a certificate including a cryptographic hash of the application (used for verifying the application at the device), and "entitlements" which define, *inter alia*, which hardware devices the application may utilize.  Just as described in the

Honorable Yvonne Gonzalez Rogers
February 11, 2013
Page 2

'941 patent, the provisioning profile for the application may be generated at a server and downloaded to the Apple device where it is subsequently used to verify the application.

Ancora believes that Apple's application verification process infringes the '941 patent pursuant to the Court's claim constructions. Significantly, <u>Apple never states in its letter that Apple does not use the patented process of the '941 patent to secure its applications.</u>

Throughout discovery, Apple has withheld critical non-public documents describing the details of its application verification process, including the use of "provisioning profiles" and "entitlements." As recently as <u>January 16, 2013</u>, Apple finally agreed to produce its confidential documents describing Apple's application verification process. Apple also agreed to make Jacques Vidrine, an Apple employee reportedly knowledgeable about application verification, available for deposition. In a letter to Ancora, Apple stated that it "has begun the process of collecting [Vidrine's] documents" and that Ancora may "proceed with Mr. Vidrine's deposition" following production of his documents. Even more recently, at the conclusion of another deposition in this case on <u>February 1, 2013</u>, Apple's counsel reiterated Apple's agreement to produce Mr. Vidrine and documents describing the application verification process.

It is disingenuous for Apple to request that Your Honor grant early summary judgment "to end these proceedings" when Apple knows it is withholding critical evidence that will likely confirm its infringement. Of course, Ancora will oppose any summary judgment motion by Apple with a Rule 56(d) declaration attesting to these facts.

Ancora should be permitted to take the limited discovery that Apple has already agreed to produce, and pursue its infringement claims against Apple's non-operating system applications pursuant to the Court's construction.

To the extent Ancora needs to amend its infringement contentions in view of the Court's construction and/or the discovery Apple has withheld but recently agreed to provide, Ancora may request leave to do so pursuant Patent Local Rule 3-6(a) and/or (c) governing amendments to infringement contentions following claim construction and discovery, respectively.

For these reasons, Apple's request should be denied.

    Respectfully submitted,

    **BROOKS KUSHMAN P.C.**

    By:  /s/ John S. LeRoy
    John S. LeRoy
    jleroy@brookskushman.com
    1000 Town Center, 22nd Floor
    Southfield, MI 48075
    Tel: (248) 358-4400
    Fax: (248) 358-3351

    *Attorney for Ancora Technologies, Inc.*



Honorable Yvonne Gonzalez Rogers
February 11, 2013
Page 3

### CERTIFICATE OF ELECTRONIC SERVICE

     I hereby certify that on <u>February 11, 2013</u>, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of California using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Michael A. Jacobs, Richard S.J. Hung, Eric W. Ow, Francis C. Ho, Bita Rahebi.

     I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:   NONE.

By: /s/  John S. LeRoy
Mark A. Cantor (*Pro Hac Vice*)
mcantor@brookskushman.com
John S. LeRoy (*Pro Hac Vice*)
jleroy@brookskushman.com
Marc Lorelli (*Pro Hac Vice*)
mlorelli@brookskushman.com
John P. Rondini (*Pro Hac Vice*)
jrondini@brookskushman.com
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400 -- Fax: (248) 358-3351

*Attorneys for Ancora Technologies, Inc.*

