**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

February 12, 2013

Writer's Direct Contact
(415) 268-7455
mjacobs@mofo.com

The Honorable Yvonne Gonzalez Rogers
United States District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

Re:   *Ancora Techs., Inc. v. Apple Inc.*, Case No. 4:11-cv-06357-YGR

Dear Judge Gonzalez Rogers:

  Apple respectfully seeks the Court's permission to submit this short reply in support of its request for leave to move for summary judgment.  Ancora's response confirms that summary judgment of non-infringement may be entered and this action terminated immediately.

  Ancora "does not dispute" that it "cannot establish a claim of infringement against Apple's 'iOS' operating system software pursuant to the Court's construction."  Ancora also agrees that "a summary judgment order *limited* to Apple's iOS operating system is appropriate under the Court's claim construction [order]."

  Unable to challenge the appropriateness of *partial* summary judgment in Apple's favor, Ancora instead asks the Court to postpone summary judgment to allow it to conduct additional discovery.  Ancora's apparent hope is that such discovery "will likely confirm . . . infringement" of a currently unaccused Apple process, and thus allow Ancora to "amend its contentions." Ancora's desire to use the discovery process to defer judgment is improper for several reasons:

(1) Ancora does not dispute that its infringement contentions for the past two years have focused exclusively on Apple's iOS operating system—and *no other theory*.

(2) Ancora does not dispute that, after the Court's claim construction, it drafted a *second* supplemental set of contentions to try to avoid the dispositive nature of that order.

(3) Ancora does not dispute that it then elected *not* to seek the Court's leave to amend its infringement contentions with that second supplemental set, after realizing that its proposed amendments were flawed.

(4) Ancora does not dispute that it lacks sufficient information to assert a *new third* infringement theory (one involving "provisioning profiles" and "entitlements") that would be consistent with the Court's claim construction order and satisfy its Rule 11 obligations.

la-1200203

MORRISON | FOERSTER

The Honorable Yvonne Gonzalez Rogers
Page Two

At its core, Ancora's partial opposition to summary judgment reduces to an unsubstantiated "belie[f] that Apple's application verification process infringes the '941 patent" under the Court's claim constructions. But even if that were true (which it is not),[1] Ancora is not entitled to discovery in the mere hope that it will support a new infringement theory.

It is far too late for Ancora to try to change its infringement theory for a third time now. As Apple explained in its opening letter, and as Ancora does not dispute, the parties never disagreed as to whether a software application could be a "program." Instead, the parties' disagreement centered on Ancora's allegation that Apple's iOS operating system was a "program." Relying on that infringement theory, the parties selected and briefed claim terms for construction. The Court then undertook great effort to construe the disputed terms.

After two years of litigation, after Apple has provided burdensome discovery relating to Ancora's original infringement theories, after the claim construction process has completed, and after Apple has requested leave to move for summary judgment, Ancora cannot ask the Court and Apple to start anew now. *See Parallel Network, LLC v. Abercrombie & Fitch Co.*, 2013 U.S. App. LEXIS 1077, at *25-26 (Fed. Cir. Jan. 16, 2013) (affirming district court's non-infringement rulings and rejecting patent owner's attempt to amend its contentions in order to make arguments that could have been made before the entry of summary judgment). Ancora is bound by the positions that it pressed and that it asked this Court to resolve. This case is therefore ripe for consideration of summary judgment in Apple's favor—and not merely partial summary judgment, as Ancora proposes.

Respectfully submitted,

*/s/ Michael A. Jacobs*

Michael A. Jacobs

---

[1] Ancora makes much of Apple's failure to state that it "does not use the patented process of the '941 patent to secure its applications." But this complaint ignores that *Ancora* bears the burden of proving infringement, not Apple. Because Ancora's infringement contentions have never accused Apple's "application verification process," there has never been anything to deny. To avoid any doubt, Apple denies that it uses the patented process to secure its applications.

Equally meritless is Ancora's suggestion that Apple improperly "withheld critical non-public documents describing the details of its application verification process." Again, Ancora's infringement contentions have never accused this process. Ancora's new interest in this process simply underscores its desire to change its infringement theory wholesale to avoid the Court's claim construction. For example, while alleging the need for Jacques Vidrine's testimony, Ancora omits that it first noticed this deposition *after* the Court's claim construction order.

la-1200203

**MORRISON | FOERSTER**

The Honorable Yvonne Gonzalez Rogers
Page Three

**ATTESTATION OF E-FILED SIGNATURE**

I, Bita Rahebi, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michael Jacobs has concurred in this filing.

Dated: February 12, 2013          By:  _____/s/ Bita Rahebi_____
                                                    Bita Rahebi

la-1200203