UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant.<br><br>AND RELATED ACTION | Case No. 11-CV-06357 YGR<br><br>ORDER (1) PERMITTING APPLE TO FILE SUMMARY JUDGMENT MOTION WITHOUT PRE-FILING CONFERENCE; AND (2) GRANTING IN PART APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL |

The Court has reviewed the parties' letter briefs in connection with Apple Inc.'s request for leave to move for summary judgment of non-infringement and finds that a pre-filing conference will not be necessary. Apple may file its Summary Judgment Motion. The parties are reminded that only one summary judgment motion may be filed per side, absent leave of court.

Additionally, Apple has moved the Court for an Order sealing various portions of its Letter Brief re Motion for Summary Judgment.

Two very different standards govern motions to seal. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010). The Rule 26(c) "good cause" standard applies to documents submitted in connection with non-dispositive motions, such as discovery motions, and the court may seal the documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 1116. However, a motion to seal documents in connection with a motion for summary is governed by the "compelling reasons" standard. *Id*. (citing *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)).[1]

---

[1] If either party intends to seal documents in connection with the briefing of the motion for summary judgment, it "must show that 'compelling reasons supported by specific factual findings … outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, supra, 605 F.3d at 678 (quoting *Kamakana*, *supra*, 447 F.3d at 1178-79). The Court will weigh the relevant factors, including

The Administrative Motion to File Under Seal Apple's Letter re Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART** as follows:

The Motion to File Under Seal is **GRANTED** as to the redacted information on page 2, at lines 4 and 21, the full sentence that begins on line 33 and continues to line 34, and footnote 1. Otherwise, the Motion is **DENIED**.

Should Apple Inc. elect to file a redacted version of the document as set forth herein, it must do so no later than five business days from the date this Order is filed.

This Order Terminates Docket Number 108.

**IT IS SO ORDERED.**

Dated: February 15, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*. at 679 n.6 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). While the decision to grant or deny a motion to seal is within the Court's discretion, the Court must articulate its reasoning in deciding a motion to seal. *Id*. Given the importance of the competing interests at stake, any sealing order must be narrowly tailored. Civ. L.R. 79-5 (a).