1  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
2  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
3  FRANCIS C. HO (CA SBN 247426)
   fho@mofo.com
4  ERIC W. OW (CA SBN 252921)
   eow@mofo.com
5
   MORRISON & FOERSTER LLP
6  425 Market Street
7  San Francisco, CA  94105-2482
   Telephone: (415) 268-7000
8  Facsimile: (415) 268-7522

9
   BITA RAHEBI (CA SBN 209351)
10 brahebi@mofo.com
   MORRISON & FOERSTER LLP
11 555 West Fifth Street, Suite 3500
   Los Angeles, CA  90013-1024
12 Telephone: (213) 892-5200
   Facsimile: (213) 892-5454
13

14 *Attorneys for Defendant and Counterclaim Plaintiff Apple Inc.*

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17

18 ANCORA TECHNOLOGIES, INC.,         | Case No. CV 11-06357-YGR

19              Plaintiff,

20       v.                            | **APPLE'S MOTION FOR SUMMARY**
                                         **JUDGMENT OF NONINFRINGEMENT**
21 APPLE INC.,

22              Defendant.
   APPLE INC.,                         | Date:  May 7, 2013
23                                       Time: 2 p.m.
          Counterclaim Plaintiff,        Place: Courtroom 5
24 v.                                    Judge: Hon. Yvonne Gonzalez Rogers

25 ANCORA TECHNOLOGIES, INC.,

26          Counterclaim Defendant.

27

28

**TABLE OF CONTENTS**

<u>Page</u>

I.    INTRODUCTION ................................................................................................ 2

II.   STATEMENT OF FACTS ................................................................................. 2

    A.    Ancora's Infringement Contentions Focus Solely on the iOS Operating
System ................................................................................................... 2

    B.    The Parties Relied on Ancora's Infringement Contentions Through the
Markman Process ................................................................................. 3

    C.    Ancora Offered to Stipulate to a Final Judgment of Noninfringement ................... 4

III.  LEGAL STANDARD ON SUMMARY JUDGMENT .................................... 4

IV.  SUMMARY JUDGMENT OF NONINFRINGEMENT SHOULD BE GRANTED ........ 5

V.   THIS MATTER IS RIPE FOR SUMMARY JUDGMENT ............................. 6

VI.  CONCLUSION ................................................................................................. 7

1               **NOTICE OF MOTION, MOTION, AND RELIEF REQUESTED**

2           TO ALL PARTIES:  PLEASE TAKE NOTICE that on May 7, 2013, or as soon as the

3   matter may be heard, Apple moves the Court for summary judgment of Ancora Technologies

4   Inc.'s Complaint.

5           Apple moves for summary judgment of non-infringement of U.S. Patent No. 6,411,941.

6   This motion is based on this Notice of Motion and supporting Memorandum of Points and

7   Authorities, accompanying declarations, and other written or oral argument that the parties may

8   present to the Court.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.      INTRODUCTION

Ancora concedes that it cannot proceed with its only disclosed infringement theory in light of the Court's construction of the claim term "program."  In fact, after the Court granted Apple leave to move for summary judgment (ECF No. 111), Ancora offered to stipulate to a final judgment of noninfringement.  Based on Ancora's representation, Apple spent the past month drafting and negotiating a stipulation of final judgment, only to learn earlier this week that Ancora has changed its mind and intends to seek leave to amend its contentions to assert a brand new theory.  (*See* Declaration of Richard Hung ("Hung Decl.") Ex. A.)

Because it is far too late for Ancora to amend its contentions, and because Ancora *concedes* its existing contentions are no longer viable, summary judgment should be entered for Apple.

## II.      STATEMENT OF FACTS

Ancora concedes that it cannot establish a claim of infringement against Apple's iOS operating system under the Court's claim construction. (UF 1; ECF No. 109 at 1.)  Thus, the only issue is whether Ancora can amend its infringement contentions at this late stage to assert an entirely new theory.  The undisputed record below demonstrates that it cannot do so, and hence that summary judgment is ripe.

### A.      Ancora's Infringement Contentions Focus Solely on the iOS Operating System

In December 2010, Ancora filed suit alleging Apple infringes U.S. Patent No. 6,411,941 by "restrict[ing] software operation through use of certain of its devices that include an operating system . . . ." (Case No. 2:10-cv-10045 (C.D. Cal.) ECF No. 1 at 2.)  On September 14, 2011, Ancora served its infringement contentions, which focused on the "kernel"[1]—the core of Apple's iOS operating system.  (*See* Hung Decl. Ex. B.)  After Apple produced documents under N.D. Cal. Patent L.R. 3-4 and identified deficiencies with Ancora's contentions, Ancora supplemented its

---

[1] The "kernel" is "[t]he core of an operating system-the portion of the system that manages memory, files, and peripheral devices; maintains the time and date; launches applications; and allocates system resources." *Microsoft Press Computer Dictionary* at 272 (3rd ed. 1997) (Hung Decl. Ex. E.)

2

infringement contentions.  Ancora continued to focus on the "kernel" of Apple's iOS operating system in these November 15, 2011 contentions.  (*See* Confidential Declaration of Francis Ho ("Conf. Ho Decl.") Ex. A.)  Thus, the governing contentions in this case accuse only Apple's iOS operating system of infringement.  (*Id.*)

### B.   The Parties Relied on Ancora's Infringement Contentions Through the *Markman* Process

In November 2011, after Ancora had provided its infringement contentions, the parties commenced the *Markman* process.  Ancora argued in its claim construction brief that the term "program" includes the operating system and stated that Apple's construction was "entirely motivated by its search for an infringement defense."  (ECF No. 94 at 11-12.)

In its Statement to the Court regarding the significance of claim terms, Ancora confirmed that it was accusing Apple's iOS operating system as the "program":  "Since the term 'program' is present in all asserted claims of the '941 patent, *construing it as Apple suggests will allow Apple to argue that it does not infringe because the programs that Ancora points to in its infringement contentions concern the operating system*."  (ECF No. 103 at 2 (emphasis in original.)  Apple's Statement also confirmed the same:

> The parties dispute whether, in the context of the '941 patent, the term "program" is limited to software applications as described in Apple's proposed construction. Ancora's infringement contentions focus on the "operating system" of Apple devices, not software applications. *If the Court agrees with Apple's construction, Apple's products do not infringe the '941 patent*.

(ECF No. 102 at 2 (emphasis added).)

At the July 2012 *Markman* hearing, Ancora's counsel reiterated:  "What Ancora is accusing of infringement at the moment is the Apple *iOS 5 operating system*.  We are saying that the Apple *iOS 5 operating system is the claimed program* that performs the appropriate steps." (ECF No. 106 at 28:22-25 (emphasis added).)

The Court issued its claim construction order on December 31, 2012 and rejected Ancora's argument that "program" as used in the '941 patent encompassed operating systems. The Court stated, "Ancora's argument makes no logical sense; nor does the record support the

broad construction it proposes." (ECF No. 107 at 16.) It further held:

> The '941 Patent teaches verification of programs which cannot function unless the operating system is already running. While those programs may then operate at the 'same level' as the operating system, a '[s]oftware license management applications such as the ['941 Patent],' cannot function if the operating system is not functional.

(*Id.*) Accordingly, the Court construed "program" as "[a] set of instructions for ***software applications*** that can be executed by a computer." (*Id.* (emphasis added).)

### C.    Ancora Offered to Stipulate to a Final Judgment of Noninfringement

On February 27, 2013, Ancora proposed that the parties prepare a stipulation of final judgment that would allow the parties to proceed to appeal so as to avoid the need for summary judgment briefing. (Hung Decl. ¶ 2.) Ancora's position was that Apple did not need to demonstrate, via a summary judgment motion, noninfringement of the accused products under the operative infringement contentions. (*Id.*) Apple provided a draft stipulation to Ancora on March 14, and Ancora provided its edits on March 19. (Hung Decl. ¶¶ 3-4 & Ex. A.) On March 21, Apple provided its revised draft to Ancora. (Hung Decl. ¶ 5.) On March 26, with no forewarning, Ancora abruptly notified Apple that it would not agree to a stipulate to a final judgment and that it would instead seek leave to amend its contentions. (Hung Decl. ¶ 6.)

### III.    LEGAL STANDARD ON SUMMARY JUDGMENT

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. at 248-49. However, "[a] non-movant's bald assertions or a mere scintilla of evidence in his favor are both

4

insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).

## IV.   SUMMARY JUDGMENT OF NONINFRINGEMENT SHOULD BE GRANTED

Apple moves for summary judgment of noninfringement based on the term "program."[2] The sole independent claim asserted against Apple recites:

> 1.  A method of restricting software operation within a license for use with a computer including an erasable, non-volatile memory area of a BIOS of the computer, and a volatile memory area; the method comprising the steps of:
>
> selecting a ***program*** residing in the volatile memory,
>
> using an agent to set up a verification structure in the erasable, non-volatile memory of the BIOS, the verification structure accommodating data that includes at least one ***license record***,
>
> verifying the ***program*** using at least the verification structure from the erasable non-volatile memory of the BIOS, and
>
> acting on the ***program*** according to the verification.

(Hung Decl. Ex. C.)  Ancora concedes that the accused iOS operating system does not infringe the '941 patent under the Court's construction of the term "program."  (UF 1.)  Accordingly, Apple does not infringe any of the asserted claims of the '941 patent.  *See Wahpeton Canvas Co., Inc. v. Frontier, Inc.,* 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim.").

---

[2] Apple also does not infringe the '941 patent because the iOS devices do not include the recited "license record."  In its infringement contentions, Ancora alleged that a "cryptographic digest" and "version identifiers" for the kernelcache satisfy the "license record" limitation.  But this theory cannot stand in light of the Court's claim construction, which construed "license record" as "[a] record *from* a licensed program with information for *verifying that licensed program*."  (ECF No. 107 at 18.)  As a preliminary matter, the kernel is not a "software application;" the cryptographic digest of the kernelcache therefore cannot constitute a "license record."  Moreover, Ancora offers no basis (and there is none) for believing that the kernelcache's version identifiers are used to "verify th[e] licensed program."  Apple does not move for summary judgment on this issue, given that Ancora has already conceded noninfringement based on the Court's construction of "program."

5

1    **V.     THIS MATTER IS RIPE FOR SUMMARY JUDGMENT**

2           Ancora has informed Apple that it will seek leave to amend its contentions to focus on

3    provisioning profiles that it claims protect software applications.  As best as Apple can tell from

4    Ancora's vague representations, Ancora's latest infringement theory is baseless.[3]  But even if

5    Ancora could set forth a colorable theory of infringement, which it cannot, it is far too late for

6    Ancora to amend its contentions.  Nothing precluded Ancora from identifying Apple's software

7    applications from the start of this litigation as the recited "program."  The parties never disputed

8    that a software application could be a "program."  Rather, the dispute turned on whether

9    "program" covered operating systems—in addition to software applications.  And nothing

10   precluded Ancora from identifying Apple's "provisioning profile" in its contentions at the outset

11   of the case based on public information.

12          Ancora cannot show good cause under Patent L.R. 3-6, and it cannot make its

13   infringement theory a moving target in contravention of this Court's local rules.  *See* Patent L-R

14   3-6 (stating contentions may be amended "only by order of the Court upon a timely showing of

15   good cause.").  "The local rules of the Northern District of California require parties to define

16   their theories of infringement early on in the course of litigation."  *Dynetix Design Solutions, Inc.,*

17   *v. Synopsys, Inc.*, 2012 U.S. Dist. LEXIS 171608, at *4 (N.D. Cal. Dec. 3, 2012).  This early

18   exchange requires "the party claiming infringement to crystallize its theories of the case early in

19   the litigation and to adhere to those theories once disclosed."  *Bender v. Advanced Micro Devices,*

20   *Inc.*, 2010 U.S. Dist. LEXIS 11539, at *2 (N.D. Cal. Feb. 1, 2010).  In other words, these patent

21   rules protect against the "vexatious shuffling of positions' that could occur if the parties are

22   _____

23          [3] Ancora's attempt to newly mint an infringement theory is all the more problematic in
     view of its withdrawal of an earlier attempt to do so.  In early January 2013, after the Court issued
24   its claim construction order, Apple asked Ancora to dismiss this lawsuit and informed Ancora that
     it would move for summary judgment if Ancora declined to do so.  Ancora responded that it
25   would seek leave to amend its infringement contentions.  Yet after: (i) providing Apple with its
     proposed amended contentions on January 21, 2013; (ii) circulating a draft of its motion to amend
26   on January 25, 2013; (iii) circulating a rewritten, final draft of its motion to amend on February 1,
     2013, and (iv) deposing one of Apple's witnesses on issues relating to those contentions that same
27   day, Ancora notified Apple that it would ***not be moving*** to amend "at this time."  (Conf. Ho Decl.
     Exs. B-D; Hung Decl. Ex. D & ¶9.)

28

6

1   permitted to freely modify their infringement contentions at any point in the action." *Berger v.*
2   *Rossignol Ski Co.* Inc., 2006 U.S. Dist. LEXIS 23085, at *7 (N.D. Cal. Apr. 25, 2006) (citation
3   omitted); *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D.
4   Cal. Nov. 5, 1998) ("the philosophy behind amending claim charts is decidedly conservative, and
5   designed to prevent the 'shifting sands' approach to claim construction.").

6          Ancora gambled that it could convince the Court to expand the scope of "program"
7   beyond the application software the parties always agreed fell within the ambit of that term, to
8   include the iOS kernel.  That Ancora lost its gamble is not good cause for belated amendment of
9   its infringement contentions to state a theory it could and should have advanced from day one.
10  *Berger*, 2006 U.S. Dist. LEXIS 23085, at *19 (denying leave to amend after defendant moved for
11  summary judgment, and "it became apparent that [plaintiffs] were going to lose").

12         Accordingly, summary judgment now is appropriate, and the Court should reject any
13  attempt by Ancora to advance a brand new infringement theory.  *See O2 Micro Int'l Ltd. v.*
14  *Monolithic Power Sys.*, 2004 U.S. Dist. LEXIS 30244 (N.D. Cal. Feb. 11, 2004), *aff'd* 467 F.3d
15  1355, 1361 (Fed. Cir. 2006) (granting summary judgment of non-infringement and rejecting
16  patentee's attempt to rely on new infringement theory in response to summary judgment motion);
17  *Parallel Network, LLC v. Abercrombie & Fitch Co.*, 2013 U.S. App. LEXIS 1077, at *25-26 (Fed.
18  Cir. Jan. 16, 2013) (affirming district court's non-infringement rulings and rejecting patent
19  owner's attempt to amend its contentions to make arguments that could have been made before
20  the entry of summary judgment).  It is simply too late to start a new infringement proceeding.

21  **VI.    CONCLUSION**

22         Ancora concedes that the accused iOS operating system—which is the sole "program" it
23  has accused in this case—does not infringe the patent in suit.  As such, Apple respectfully
24  requests that the Court grant it summary judgment of noninfringement.

25

26

27

28

7

1     Dated: March 28, 2013            Respectfully submitted,

2                                     **MORRISON & FOERSTER, LLP**

3                                     By:    /s/ Michael A. Jacobs

4                                     Michael A. Jacobs
                                       mjacobs@mofo.com

5                                     Richard S.J. Hung
                                       rhung@mofo.com

6                                     Francis C. Ho
                                       fho@mofo.com

7                                     Eric W. Ow
                                       eow@mofo.com

8                                     MORRISON & FOERSTER LLP
                                       425 Market Street

9                                     San Francisco, CA  94105-2482
                                       Telephone: (415) 268-7000

10                                    Facsimile: (415) 268-7522

11                                     Bita Rahebi
                                       brahebi@mofo.com

12                                    MORRISON & FOERSTER LLP
                                       555 West Fifth Street, Suite 3500

13                                    Los Angeles, CA  90013-1024
                                       Telephone: (213) 892-5200

14                                    Facsimile: (213) 892-5454

15                                    Attorneys for Apple Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

8