William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa St., Suite 2080
Los Angeles, CA 90017-5726
Tel: (213) 622-3003
Fax: (213) 622-3053

Mark A. Cantor (*Pro Hac Vice*)
mcantor@brookskushman.com
John S. Le Roy (*Pro Hac Vice*)
jleroy@brookskushman.com
Marc Lorelli (*Pro Hac Vice*)
mlorelli@brookskushman.com
John P. Rondini (*Pro Hac Vice*)
jrondini@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel.: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff Ancora Technologies, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC.<br><br>　　　Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>　　　Defendant.<br>―――――――――――――――――<br>APPLE, INC.<br><br>　　　Counterclaimant,<br><br>v.<br><br>ANCORA TECHNOLOGIES, INC.<br><br>　　　Counterdefendant. | Case No. 4:11-cv-06357-YGR<br><br><br><br>**PLAINTIFF ANCORA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ......................................................................................................... 1

II.  SPECIFIC OBJECTIONS ............................................................................................. 3

    1.   Ancora's Objections to Apple's Document Production and Reproduction Costs ................................................................................................................... 3

    2.   Ancora's Objections to Apple's Costs Related to Visual Aids ............................. 8

    3.   Ancora's Objections to Apple's Deposition Costs .............................................. 11

III. CONCLUSION ............................................................................................................ 14

# TABLE OF AUTHORITIES

### Cases

*Affymetrix, Inc. v. Multilyte Ltd.*,
    No. C03-03779 WHA, 2005 WL 2072113 (N.D.Cal. Nov. 29, 2005) ...................... 10, 12

*Cefalu v. Village of Elk Grove*,
    211 F.3d 416 (7th Cir. 2000) ....................................................................................... 10

*eBay Inc. v. Kelora Sys.*, LLC,
    2013 WL 1402736 (N.D. Cal. April 5, 2013) ....................................................... 5, 6, 7, 8, 9

*Intermedics, Inc. v. Ventitrex, Inc.*,
    No. C 90-20233, 1993 WL 515879 (N.D. Cal. 1993) ......................................................... 12

*Ishida Co. v. Taylor*,
    Nos. C 02-1617, C 02-5416, 2004 WL 2713067 (N.D. Cal. Nov. 29, 2004) ....... 10, 11, 12

*Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*,
    CIV.A. H-07-2684, 2009 WL 1457632 (S.D. Tex. May 26, 2009) .................................... 6

*Parrish v. Manatt, Phelps & Phillips, LLP*,
    No. C 10-03200, 2013 WL 1362112 (N.D. Cal. April 11, 2011) ....................................... 7

*Plantronics Inc. v. Aliph Inc.*,
    2012 WL 6761576 (N.D. Cal. October, 23, 2012) ................................................. 6, 7, 8, 9

*Taniguchi v. Kan Pacific Saipan, Ltd.*,
    132 S.Ct. 1997 (2012) .............................................................................................. 1, 5

*Warner Chilcott Laboratories Ireland Ltd. v. Impax Laboratories, Inc.*,
    CIV.A. 08-6304 WJM, 2013 WL 1876441 (D.N.J. Apr. 18, 2013) ............................... 10

### Rules and Statutes

28 U.S.C. § 1920 ................................................................................................................ 2, 5

Fed. R. Civ. P. §54 ................................................................................................................ 1

Local Rule 54-2(b) ................................................................................................................ 1

## I. **INTRODUCTION**

Pursuant to Local Rule 54-2(a) Plaintiff Ancora Technologies, Inc. ("Ancora") provides the following objections to Defendant Apple, Inc.'s ("Apple") Bill of Costs. (Dkt. #129.)[1] Apple's bill requests a wide range of costs that it alleges are taxable under Federal Rule of Civil Procedure §54(d). (Dkt. #129.) This district, however, has enumerated a very limited set of costs that a prevailing party may be awarded pursuant to Local Rule 54-3(a)-(h).

In reviewing Apple's request for costs (along with the attached exhibits) Ancora agrees that portions of the requested expenses may fall within the limited scope of recoverable costs stated in Local Rule 54-3(a)-(h). Many of the other expenses requested by Apple, however, extend well beyond the narrow, incidental expenses that the Supreme Court has enunciated are allowable to a prevailing party. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, *2006 (2012) ("Taxable costs are **limited to relatively minor, incidental expenses** as is evident from §1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts.'") (Emphasis added).

The unreasonableness of Apple's request is revealed by the fact that Apple is requesting an award of **$116,366.87** for a case where the parties' **stipulated** to summary judgment of non-infringement based upon this Court's construction of the term "program."[2] The present action is a perfect example where "minor, incidental expenses" **should** be just that – minor. To grant

---

[1] Pursuant to Local Rule 54-2(b), counsel for Ancora and Apple had a telephonic meet-and-confer on May 23, 2013 and made a good faith effort to resolve disagreements about the taxable costs claimed in Apple's bill. However, no agreement was reached.

[2] Aside from the stipulation to summary judgment, there have been several depositions of Apple witnesses, preliminary discovery, and the *Markman* hearing.

OBJECTIONS TO APPLE'S BILL OF COST       1
Case No. 4:11-cv-06357-YGR

Apple the excessive amount it seeks would in essence be a punitive award that would have a chilling effect on individual inventors, like Mr. Mullor, who own small companies.

As summarized in the table below, Ancora does not object to the costs set forth in ¶¶ 4-6 and 10 of Francis Ho's Declaration.  (Apple Exhibits A-C and G.)  Ancora does object to ¶¶ 7-9 of the Ho Declaration (Apple Exhibits D, E, and F), however, because the requested costs are not properly recoverable under 28 U.S.C. § 1920 or Local Rule 54-3.[3]

| Apple Request | General Description of Cost | Alleged Cost Requested | Corrected Cost |
|---|---|---|---|
| Ho Declaration, ¶ 4 (Dkt. #129-1) & Exhibit A (Dkt. #129-2) | Costs for Services of process | $985.00 | $985.00 |
| Ho Declaration, ¶ 5 (Dkt. #129-1) & Exhibit B (Dkt. #129-3) | Costs for Reporters' Transcripts of Hearings | $868.21 | $868.21 |
| Ho Declaration, ¶ 6 (Dkt. #129-1) & Exhibit C (Dkt. #129-4) | Costs for travel fees for Apple's Expert Witness to attend Tech Tutorial | $976.00 | $976.00 |
| Ho Declaration, ¶ 7 (Dkt. #129-1) & Exhibit D (Dkt. #129-5) | Costs related to Document Production and Reproduction | $94,400.71 | $9,944.07 |
| Ho Declaration, ¶ 8 (Dkt. #129-1) & Exhibit E (Dkt. #129-6) | Deposition Costs | $5,089.95 | $3073.95 |
| Ho Declaration, ¶ 9 (Dkt. #129-1) & Exhibit F (Dkt. #129-7) | Costs Related to Visual Aids | $13,227.95 | $0.00 |
| Ho Declaration, ¶ 10 (Dkt. #129-1) & Exhibit G (Dkt. #129-8) | Costs related to Reproducing Governmental Records | $819.05 | $819.05 |
| TOTAL | | $116,366.87 | $16,666.28 |

---

[3] A red-lined version of Apple's Bill of Costs is also attached identifying Ancora's corrected costs. (Exhibit 1.)

## II. SPECIFIC OBJECTIONS

1. **Ancora's Objections to Apple's Document Production and Reproduction Costs**

Apple requests costs totaling **$94,400.71** for alleged document production and reproduction costs. (Dkt. #129-1, Ho Declaration at ¶. 7; Dkt. #129-5.) In looking at Apple Exhibit D, the first several entries pertain to alleged costs for processing and copying of files from third party discovery totaling **$629.56**. (Dkt. #129-5, Control Nos. 1-3.) While Ancora disputes whether these costs were necessary to the issues of the present action, Ancora does not object to these costs.

Apple Exhibit D also lists costs totaling **$3,471.61** that are allegedly related to the "processing and conversion of Ancora document production." (Dkt. No. 129-5 at CTRL Nos. 167-170.) Apple's exhibit states that this cost pertains to the "processing and conversion of Ancora document production." *Id.* Specifically, Apple's exhibit – and the attached invoice – indicates that this expense relates to the conversion of Ancora's production to a TIFF file format, for use in "Concordance" litigation discovery software tool. (Dkt. #129-5 at pg. 96 - Invoice No. 808500). Ancora objects to recovery of these costs due to the fact that the parties stipulated to the method in which electronic production would occur in this case.

> **Electronic Production**: The parties agree that production of documents will be by electronic disk or other electronic form agreed to by the parties. **Both parties agree to produce each document as a text searchable PDF file**. The parties also agree that they will produce electronic documents that are reasonably legible but have no more than 300 dpi resolution. The parties additionally agree to produce electronically stored documents with an associated .DAT file (Concordance Load File), an .OPT file (Concordance Opticon Load File), an .LFP file (IPRO Load File), and the accompanying OCR data, in a .TXT file format, for each document produced. Further, if a particular document cannot be produced in the agreed upon format, the parties agree to meet and confer with respect to the format of production for that particular document.

(Exhibit 2 – Rule 26(f) Report) (Emphasis added).

Ancora produced all of its discovery documents in the agreed stipulated PDF file format. For a reason unknown to Ancora, Apple unilaterally chose to convert the produced PDF files into a "TIFF" file format. Apple provides no reasoning as to why this expense was incurred. (Dkt. #129-1, Ho Declaration ¶ 7). Based on the attached exhibit, Ancora can only surmise that Apple chose to convert the documents to a format that would run more optimally on its Concordance discovery review software system.[4] Ancora, therefore, objects and requests that this cost be reduced to **$0.00**.

Apple Exhibit D also lists costs totaling **$3,998.05** that are allegedly related to the printing (*i.e.*, blowback), of documents for deposition preparation or case analysis. (Dkt. No. 129-5 at CTRL Nos. 149-166). However, Invoice Number 1201493 indicates that the charge of **$199.47** pertained to converting documents to a PDF file format and OCR of those documents. Apple CTRL Nos. 152-153 simply state that Invoice Number 1201493 pertains to "reproduction of documents for case analysis." (Dkt. #129-5 at pg. 23-24 and 87). Likewise, invoice number 1202060 (Dkt. #129-5 at pg 92) pertained to OCR of a quantity of 10,263 documents. Apple CTRL No. 162 states that this invoice was for processing of documents produced to Ancora. However, what is strange about the stated purpose is that the company providing the service – WARP^9 – is not the same service that Apple claims did **all** of its remaining processing and production. (*see* Dkt. #129-5, Control Nos. 4-148 & pgs. 28-84). Ancora is therefore puzzled as to the true nature of these costs. No further detail is given as to what documents – or why such

---

[4] During the parties meet-and-confer pursuant to Local Rule 54-2(b), Apple indicated that this charge was due to a problem it uncovered with Ancora's production. If true, however, Apple should have contacted Ancora's counsel and requested the problem be fixed. Apple never did so, and instead chose to have a third-party vendor convert and re-process the documents provided. The attached invoice also clearly states that such processing was done so the produced documents could be used in Concordance – a litigation review software tool used by Apple. Ancora, therefore, questions whether Apple experienced a problem with the produced data or simply needed the software converted to operate on its litigation review software tool.

documents – were converted or why an OCR was necessary. As the moving party, Apple is required to provide sufficient detail regarding the costs it seeks and where insufficient detail exists no costs should be awarded. *eBay Inc. v. Kelora Sys.*, LLC, 2013 WL 1402736, *9 (N.D. Cal. April 5, 2013) (Holding that "eBay did not itemize the e-discovery processing costs with enough detail to establish that the court should award it any of the ESI processing costs."). Apple has failed to do so.

Apple invoice numbers 1202053-55 (Dkt. #129-5 at pg. 89-91) also requests costs for the alleged copying of 7,000 pages of documents that were used in preparation of the deposition of Ancora's expert Ian Jestice and Apple's expert Dave Kelly for issues pertaining to claim construction. Combined, however, both of these depositions took roughly four hours to complete.[5] Why it required over 7,000 pages for these two depositions – which solely pertained to claim construction issues – is not explained by Apple. Again, the extent of printouts made appears to be excessive and unrelated to either of these depositions. Again, as the requesting party it is Apple's burden to provide sufficient details illustrating that these costs are taxable. Apple has again failed to do so.

Apple invoice numbers 11SF1114049, 1201721, 1202458, 1210201145, and 13SF85425 (Dkt. #129-5 at pgs. 85-86, 88, 93-85) further include charges for 3 to 5 copies of documents allegedly related to deposition preparation of Apple witnesses or preparation for the Markman Hearing. (Dkt. #129-5 CTRL Nos. 149, 154-155, 163-166). Such charges are not proper under the limited and relatively minor incidental expenses that is stated under 28 U.S.C. § 1920. *See e.g.*, *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, *2006 (2012). Ancora therefore requests that Apple's requested cost of $3,998.05 be reduced to **$0.00**.

---

[5] The deposition of Ancora's expert, Ian Jestice, took less than one hour to complete.

Next, Apple requests a total cost of **$86,578.14** allegedly related to the collection and processing of documents for production to Ancora. (Dkt. #129-5, Control Nos. 4-148.) As stated in its declaration, Apple has only produced "123,816 pages of documents to Ancora." (Dkt. #129-1, Ho Declaration at ¶ 7.) Apple is therefore requesting this court award a **cost of $0.70 for each page** it produced to Ancora. Apple's request is excessively above the rate of $0.04 - $0.11 per page that courts in this district have found reasonable for conversion and production of electronic data. *Plantronics Inc. v. Aliph Inc.*, 2012 WL 6761576, *17 (N.D. Cal. October, 23, 2012) (using $0.04 per page as the taxable cost for processing and producing electronic data.); *eBay Inc. v. Kelora Systems, LLC*, 2013 WL 1402736, *12 (N.D. Cal. April 5, 2013) (setting a rate of $0.11 per page for processing and producing electronic data).

The cost of $86,578.14 requested by Apple for collection and processing of documents for production also includes **$71,611.52** of charges allegedly related to "variable license fee (hosting of data for production)." (*See e.g.*, Dkt. #129-5 at CTRL NO. 5, 8, 12, 20, 25, 28, 42, 61, 68-70, 73-74, 76, 79, 85, 91, 103, 110, 124, 139, 146 -148). What troubles Ancora about these alleged "licensing fees" is that $13,385.60 are for the **first four months of 2013**. (*See* Dkt. #129-5 at CTRL No. 138, 146, 148). **Apple, however, did not produce a single document to Ancora in 2013**. If these alleged "licensing fees" pertain to copying or exemplification costs, why are they listed in a period where Apple did not produce a single document to Ancora?

As this fee was continually incurred during a period where no documents were produced, Ancora can only hypothesis that these alleged "licensing fees" potentially relate to the e-gathering or e-processing of "stor[ed] information that might be responsive to a production request." *Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, CIV.A. H-07-2684, 2009 WL 1457632, *5 (S.D. Tex. May 26, 2009). Storage of data for locating and segregating documents *that may be* produced, however, is not taxable. *Id.* (Holding that the step

of "storing data for possible use in discovery is more like the work of an attorney or legal assistant in locating and segregating documents that may be responsive to discovery" is not taxable.); *See* also *eBay Inc.*, 2013 WL 1402736 at *7 (Holding that conversion and production costs are taxable, but other costs pertaining to e-gathering, e-processing, research, analysis, and distillation of data are not taxable.); *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200, 2013 WL 1362112 (N.D. Cal. April 11, 2011); *Plantronics, Inc.*, 2012 WL 6761576 at *17.

An additional review of these alleged "licensing fees" illustrates that Apple is requesting costs for hosting several hundred Gigabytes of data. (*See* Apple's Redacted Exhibit D Filed under Seal – Variable Licensing Fees on Invoice #1148142, 1148592, 1148998, 1149856, 1149856). As stated above, Apple only produced 123,816 pages in PDF file format. (Dkt. #129-1, Ho Declaration at ¶ 7). This entire production to Ancora totals less than 3.5 Gigabytes of data. (Exhibit 2.) Apple is therefore requesting costs for over 200 Gigabytes of data that were never produced to Ancora. Apple's declaration does not provide any explanation for this discrepancy. (Dkt. #129-1, Ho Declaration at ¶ 7).

Ancora also objects that other expenses Apple lists as being recoverable for the purpose of preparing, processing, and producing documents are also not taxable costs. For instance, Apple has included multiple "custom work" entries without any explanation or detail as to how this was related to the production of documents to Ancora. (Dkt. No. 129-5 at CTRL No. 7, 54-59, 65-67, 72, 75, 77-78, 89, 121, 122, 134-137, and 145). Apple also lists "replacement" charge entries without any explanation or detail as to how this was related to the production of documents to Ancora (Dkt. No. 129-5 at CTRL No. 109, 132-133). Apple's declaration fails to provide any details regarding these charges. (Dkt. #129-1, Ho Declaration at ¶ 7).

If the "license hosting," "custom work," and "replacement" entries are removed from Apple's exhibit, the total amount of all remaining entries listed for "preparing and processing

documents for production to Ancora" totals **$9,314.51**.[6] This amount equates out to almost $0.08/page for the 123,816 pages of documents produced to Ancora - well between the range of $0.04/page and $0.11/page that courts have held as being reasonable. *Plantronics Inc.*, 2012 WL 6761576 at *17 (using $0.04 per page as the taxable cost for processing and producing electronic data.); *See also eBay Inc.*, 2013 WL 1402736 at *12.

In sum, Ancora objects to Apple's requested costs and believes the following chart correctly identifies the recoverable costs for document production and reproduction costs incurred by Apple.

| Description | Cost Requested by Apple | Ancora's Corrected Cost |
| --- | --- | --- |
| Costs for Processing and Copying Files from Third Party discovery | $629.56 | $629.56 |
| Costs for Blowback processing of documents for depositions and case analysis | $3,998.05 | $0.00 |
| Costs for production of 123,816 pages of documents to Ancora | $86,578.14 | $9,314.51 |
| Costs for conversion of documents produced by Ancora | $3,471.61 | $0.00 |
| **Total** | **$94,400.71** | **$9,944.07** |

2. <u>**Ancora's Objections to Apple's Costs Related to Visual Aids**</u>

Apple requests costs totaling **$13,227.95** for alleged visual aid costs. (Dkt. #129-1, Ho Declaration at ¶. 9). Specifically, Apple seeks costs related to visual aids it alleges "were necessarily obtained and used to assist the court in understanding the technology behind the patent-in-suit". (Dkt #129-1, Ho Declaration at ¶ 9). Ancora specifically objects to the entire $13,227.95 being requested by Apple.

---

[6] The remaining charges appear to relate to uploading, converting, OCR, and producing documents.

First, Apple includes an expense totaling **$130.20** that is directed to the purchase of 8 Gigabyte thumb drives. (Dkt. #129-7 at pg. 2 & 6). Apple's declaration lacks any explanation why the thumb drives were needed, or how they were necessary in assisting the court in its understanding of the patents-in-suit. (Dkt. #129-1, Ho Declaration at ¶ 9). Apple's exhibit also fails to provide details regarding this expense other than stating: "8 GB drive (for July 11, 2012 Markman hearing)" (Dkt #129-7 at pg. 2).

Both the declaration and attached exhibit fail to explain why it was necessary to purchase **three** thumb drives at a cost of **$40/piece** when the price of an 8 GB thumb drive at a local Walmart is **$6.99**. (Dkt. #129-7 at pg. 6; Exhibit 3 – Walmart Webscreen Printout.) Ancora, therefore, objects that this expense is not taxable because: (1) the listed price of $40 for each thumb drive is excessive based on the standard cost for such an item; and (2) Apple has failed to provide sufficient details regarding how these thumb drive's assisted the court and how this is a proper taxable item. *eBay Inc.*, 2013 WL 1402736 at *9. (Holding that "eBay did not itemize the e-discovery processing costs with enough detail to establish that the court should award it any of the ESI processing costs.") Ancora requests that this expense be reduced to **$0.00.**

Second, Apple requests costs totaling **$3,154.00** for alleged costs related to visual aids. (Dkt. #129-1, Ho Declaration at ¶ 9; Dkt. #129-7 at pg. 2-3). Apple attempts to mask this as a taxable cost by listing each expense as the "cost of preparing charts, diagrams, videotapes and other visual aids to the Court." (Dkt. #129-7 at pg. 2-3, Column "Cost Type"). A review of the invoice clearly illustrates, however, that this cost is related to rental of equipment and technical support. (Dkt. #129-7 at pg. 7). Courts in this district have consistently held that Local Rule 54-3(d)(5) does not permit recovery for technical support and equipment rental used at a *Markman* hearing. *Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576, at **9–10 (N.D.Cal. Oct.23, 2012) (Disallowing $7,257.30 cost of technical support and equipment rental to present visual aids

during Markman hearing) (Additional cases cited therein.); *See also Warner Chilcott Laboratories Ireland Ltd. v. Impax Laboratories, Inc.,* CIV.A. 08-6304 WJM, 2013 WL 1876441 (D.N.J. Apr. 18, 2013). Ancora requests that this expense be reduced to **$0.00.**

Lastly, Apple seeks costs totaling **$9,943.75** that are listed in Apple's "Line Item Description" as pertaining to "graphics consulting" services. (Dkt. #129-7 at pg. 2-3). The total time for **both** the technology tutorial and *Markman* hearing was less than 4 hours. (Dkt. #101 – Technology Tutorial 1 hour, 38 minutes; Dkt. #105 – *Markman* hearing – 2 hours, 7 minutes). Even assuming *arguendo* that Apple had used the entire 4 hours for its presentation, it is asking this court to award it taxable costs for graphic consulting services at **a rate of $2,485.94/hour**.[7] This excessive cost typifies the wasteful spending that is so often argued is wrong with the legal system. Furthermore, Apple provides no reasoning or justification why it would need to incur costs at such an excessive rate for two short hearings. Due to the excessive nature of Apple's request, Ancora requests that this cost be reduced to **$0.00**. *Ishida Co. v. Taylor,* Nos. C 02-1617, C 02-5416, 2004 WL 2713067 (N.D. Cal. Nov. 29, 2004) (Reducing excessive costs for visual aids); *Affymetrix, Inc. v. Multilyte Ltd.,* No. C03-03779 WHA, 2005 WL 2072113 at *4 (N.D.Cal. Nov. 29, 2005) (Reducing excessive costs and holding that "animated PowerPoint presentations was admittedly a more engaging method of conveying information, it was not *necessary.* Poster boards would have sufficed.") (Emphasis in original); *See also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428-29 (7th Cir. 2000) ("Among the factors that the judge might consider in evaluating the necessity of a particular type of exemplification is whether the nature and context of the information being presented genuinely

---

[7] Apple obviously did not present the entire time of both hearings. In fact, it was Apple's expert – Dr. Kelly – that solely presented at the Technology tutorial. Apple is therefore requesting a rate/hour even greater than $2,500.00 for its alleged graphics consulting services.

called for the means of illustration that the party employed. In other words, was the exemplification vital to the presentation of information, or was it merely convenience or, worse, an extravagance?").

In sum, Ancora objects to Apple's requested costs and believes the following chart correctly identifies the recoverable costs for document production and reproduction costs incurred by Apple.

| Description | Cost Requested by Apple | Ancora's Corrected Cost |
|---|---|---|
| Costs for three 8 Gigabyte Thumb drives | $130.20 | $0.00 |
| Costs for equipment and technical support | $3,154.00 | $0.00 |
| Costs for Graphic Consulting Services | $9,943.75 | $0.00 |
| **Total** | **$13,227.95** | **$0.00** |

3.  **Ancora's Objections to Apple's Deposition Costs**

Apple requests costs totaling **$5,089.95** for alleged deposition costs. (Dkt. #129-1, Ho Declaration at ¶ 8; Dkt. #129-6). Specifically, Apple seeks costs for an original and one copy of six deposition transcripts and exhibits. (Dkt. #129-6). Ancora objects to $1,950.65 being requested by Apple and requests the taxable cost be reduced to $3,073.95.

First, with regards to invoice #050312-302259, Apple requests additional charges for "Interactive Real-time," "Rough ASCII," and shipping and handling. (Dkt. #129-6 at pg. 2 & 5). These "extra" costs are not taxable under Local Rule 54-3(c)(1). *Ishida Co., Ltd*, 2004 WL 2713067, at *1 (Rejecting 'extra' costs (Holding that "[s]hipping or expedited delivery charges and 'extra' charges such as ASCII/Mini/E-Transcripts, however, are not allowed."); *Ishida Co.,*

*Ltd. v. Taylor*, 2004 WL 2713067, at *1 (Rejecting 'extra' costs because they are services provided for the "convenience of counsel" but are not allowed under L.R. 54-3(c)(1).).

With regards to invoice #050312-302260, Apple requests costs for the video deposition **in addition to** the certified transcript and copy it already requested in the prior invoice.[8] (Dkt. #129-6 at pg. 2 & 6). With respect to deposition transcripts, Civil Local Rule 54-3(c)(1) allows only "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case." This district has repeatedly held that this rule does not permit recovery of a video deposition when a party has already purchased a written transcript of the same deposition. *Intermedics, Inc. v. Ventitrex, Inc.,* No. C 90-20233, 1993 WL 515879 *3 (N.D. Cal. 1993) (Holding that parties must bear the additional expenses associated with transcripts that are purchased in an additional, separate medium); *Affymetrix v, Inc.,* 2005 WL 2072113 at *2 (Holding that when party orders written transcripts of deposition it may not be awarded costs "incurred for videotaping those *same depositions*") (Emphasis in original).

With regards to invoice #389832, Apple requests costs for one "etran copy" for the deposition of John Kelly. (Dkt. #129-6 at pg. 2 & 7.) With regards to invoice Nos. CA105149, CA106694, and OC124009 Apple requests costs for "Realtime" services and shipping and handling. (Dkt. #129-6 at pg. 3 & 9-11.) Again, this district has held that these "extra" services are provided for the convenience of counsel and are not taxable under Local Rule 54-3(c)(1). *Ishida Co., Ltd.*, 2004 WL 2713067 at *1 (Rejecting 'extra' of "e-transmission" or "e-transcript").

---

[8] Apple invoice #050312-302259 is the charges for the written transcript of the deposition of Ian Jestice. Apple invoice #050312-302260 is the charges for the video tape transcript of the deposition of Ian Jestice.

OBJECTIONS TO APPLE'S BILL OF COST          12
Case No. 4:11-cv-06357-YGR

In sum, Ancora objects to Apple's requested costs and believes the following chart correctly identifies the recoverable costs for the depositions taken during this case.

| Description | Cost Requested by Apple | Ancora's Corrected Cost |
|---|---|---|
| Invoice #050312-302259 (Dkt. #129-6 at pg. 2 & 5.) | $356.50 | $211.50 |
| Invoice #050312-302260 (Dkt. #129-6 at pg. 2 & 6.) | $525.00 | $0.00 |
| Invoice #389832 (Dkt. #129-6 at pg. 2 & 7.) | $940.10 | $530.60 |
| Invoice #404532 (Dkt. #129-6 at pg. 2 & 8.) | $213.90 | $213.90 |
| Invoice #CA105149 (Dkt. #129-6 at pg. 2-3 & 9.) | $969.25 | $669.25 |
| Invoice #CA106694 (Dkt. #129-6 at pg. 3 & 10.) | $930.80 | $648.80 |
| Invoice #OC124009 (Dkt. #129-6 at pg. 3 & 11.) | $1176.40 | $799.90 |
| **Total** | **$5111.95[9]** | **$3073.95** |

---

[9] Ancora notes that Apple's listed total of $5,089.95 appears to be off by $22.00. Ancora cannot account for this discrepancy.

### III. CONCLUSION

Thus, for the reasons stated above, Ancora respectfully requests that the Court reduce the amount taxed as costs to no more than $16,666.28.

Dated:  May 28, 2013

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By: /s/ Mark A. Cantor
Mark A. Cantor (*Pro Hac Vice*)
mcantor@brookskushman.com
John S. LeRoy (*Pro Hac Vice*)
jleroy@brookskushman.com
Marc Lorelli (*Pro Hac Vice*)
mlorelli@brookskushman.com
John P. Rondini (*Pro Hac Vice*)
jrondini@brookskushman.com
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400 -- Fax: (248) 358-3351

William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
601 S. Figueroa St., Suite 2080
Los Angeles, CA 90017-5726
Tel: (213) 622-3003 -- Fax: (213) 622-3053
*Attorneys for Ancora Technologies, Inc.*