**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANCORA TECHNOLOGIES, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **APPLE, INC.**, <br><br> Defendant. <br> *And cross-action* | Case No. 11-CV-06357 YGR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ANCORA'S MOTION FOR REVIEW OF CLERK'S ORDER ON APPLE'S BILL OF COSTS** |

Plaintiff Ancora Technologies, Inc. has filed its Motion for Review of Clerks' Order on the Bill of Costs of prevailing party Apple, Inc. ("Apple"). (Dkt. No. 136.) Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **ORDERS** that the Motion is **GRANTED IN PART AND DENIED IN PART** as stated herein.

**I.     BACKGROUND**

On May 13, 2013, following this Court's entry of an order granting summary judgment, Apple filed with the Clerk of the Court a Bill of Costs seeking $116,366.87 in costs, including $94,400.71 for "fees exemplification and the costs of making copies." (Dkt. No. 129.) On May 28, 2013, Ancora timely filed objections to that Bill of Costs. (Dkt. No. 133.) Ancora specifically objected to recovery of many of Apple's fees based on the Supreme Court's recent decision in *Taniguchi v. Kan Pacific Saipan, Ltd.*, ___ U.S. ____, 132 S.Ct. 1997 (2012), which had reversed the Ninth's Circuit's decisions reading the items of recoverable costs under Rule 54(d)(1) and Section

1920 broadly. On June 24, 2013, the Clerk of the Court issued an order awarding Apple $111,158.23. (Dkt. No. 135.) The instant motion followed.

**II.    STANDARD APPLICABLE TO THE MOTION**

"An award of standard costs in federal court is normally governed by Federal Rule of Civil Procedure 54(d)." *Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1022 (9th Cir. Idaho 2003) (denial upheld in breach of contract action). Rule 54(d)(1) states: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees—should be allowed to the prevailing party...." FRCP 54(d). The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Taniguchi v. Kan Pacific Saipan, Ltd.*, __ U.S. __, 132 S.Ct. 1997, 2006 (2012); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-442 (1987). Those costs include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 ("section 1920").

Local Rule 54-1 requires that a prevailing party claiming taxable costs serve a bill of costs no later than 14 days after entry of judgment, stating each item specifically and separately. Civ. L. R. 54-1(a). The bill of costs must be supported by an affidavit that the costs are stated correctly and incurred necessarily, and it must attach supporting documentation for each item claimed. *Id.*

The court reviews *de novo* the Clerk's taxation of costs. *See Lopez v. San Francisco Unified School Dist.,* 385 F.Supp.2d. 981, 1001 (N.D. Cal. 2005). District courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d). *K-S-H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d 54, 60 (9th Cir.1969).

Generally, Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion. *See* FRCP 54(d)(1);

2

*Association of Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir. Cal. 2000) (denial of costs upheld in action regarding allegedly discriminatory test by public school districts). The losing party has the burden to "show why costs should not be awarded." *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003). However, the presumption in favor of awarding costs to the prevailing party does not relieve that party from its obligation to itemize its costs with sufficient detail to establish that each expense is taxable under section 1920. *See Plantronics, Inc. v. Aliph, Inc.*, 09-cv-1714 WHA(LB), 2012 WL 6761576 at *3 (N.D. Cal. Oct. 23, 2012); *Oracle America, Inc. v. Google, Inc.,* No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept.4, 2012); *accord In re Ricoh Co., Ltd. Patent Litig.,* 661 F.3d 1361, 1368 (Fed. Cir. 2011) (applying Ninth Circuit law to deny costs to a prevailing party that "did not meet its burden" to itemize costs with specificity). "Once a prevailing party establishes that the expense is taxable under section 1920, then the presumption applies." *Plantronics,* 2012 WL 6761576 at *3.

## III. DISCUSSION

Here, Ancora objects that many of the costs sought and awarded by the Clerk's Order are not taxable costs under section 1920, or are not supported as taxable costs with sufficient documentation as required by Local Rule 54-1(a). In particular, Ancora argues that several categories of expenses requested by Apple extend well beyond the narrow, incidental expenses that prevailing parties may recover under section 1920, as recently articulated by the Supreme Court in *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012) ("Taxable costs are limited to relatively minor, incidental expenses as is evident from §1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts.'") Ancora seeks review of the Clerk's Order on Apple's Bill of Costs as to six categories of costs: (1) conversion of documents produced by Ancora in e-discovery; (2) storage and hosting of electronic documents; (3) "custom work" and "replacement" costs for electronic documents; (4) printing of documents in connection with deposition preparation and *Markman* hearing; (5) costs related to visual aids, including equipment rental and graphics services; and (6) costs associated with deposition transcripts. With *Taniguchi*'s holding in mind, the Court examines each category in turn.

### A.   CONVERSION OF ANCORA DOCUMENTS

Under the heading of costs related to document production and reproduction, section 1920(3)-(4), Apple's Bill of Costs, Exhibit D, lists $3,471.61 for "processing and conversion of Ancora document production." (Dkt. No. 129-5 at CTRL Nos. 167-170.) The invoice attached to the Bill of Costs indicates that this expense was for conversion of Ancora's production to a TIFF file format. (Dkt. No. 129-5 at pg. 96 - Invoice No. 808500). Ancora argues that these costs are not taxable. However, the parties agreed to produce e-discovery documents as "text searchable PDF file[s]," along with an "associated .DAT file (Concordance Load File), an .OPT file (Concordance Opticon Load File), an .LFP file (IPRO Load File), and the accompanying OCR data, in a .TXR file format." (Joint 26(f) Report (ECF No. 27) at 12.) According to Apple, Ancora produced many documents in a format that was not "text searchable" and did not provide the associated load files or OCR data in a .TXT file format. (Declaration of Francis C. Ho, Dkt. No. 139 ["Ho Decl."] at ¶ 14.) Thus, the costs incurred in this category resulted from Ancora's failure to comply with its own agreement. Accordingly, the Court finds these costs taxable under section 1920. *Cf. Alzheimer's Inst. of America,* 2013 U.S. Dist LEXIS 31952 at \*16-\*17 (awarding costs in e-discovery for ".TIFF and OCR conversion, Bates stamping, load file and other physical media generation"). The motion for review is therefore **DENIED** as to the conversion costs.

### B.   STORAGE AND HOSTING OF ELECTRONIC DOCUMENTS

Also under section 1920(3)-(4) document production costs, Apple requested $71,611.52 for "License Fee [Hosting of data for production]" (Dkt. No. 129-5 at CTRL NO. 5, 8, 12, 20, 25, 28, 42, 61, 68-70, 73-74, 76, 79, 85, 91, 103, 110, 124, 139, 146 -148). Apple seeks online hosting costs for several hundred gigabytes (GB) of electronic document storage, though it only produced documents amounting to around 3.5 GB of data. Ancora argues that: (1) the documentation for these costs fails to explain how they relate to the documents actually produced, as required by Local Rule 54-1; and (2) the costs of storage for electronic documents that may be produced is not a taxable cost under section 1920.

As to the latter point, this Court agrees with others in this district that e-discovery storage costs are "non-compensable under Section 1920 in light of *Taniguchi's* guidance[.]" *Alzheimer's*

4

*Inst.,* 2013 U.S. Dist LEXIS 31952 at *16-*17. While *Taniguchi* did not directly address the issue of taxing e-discovery costs, it did establish the principle that section 1920 does not cover all costs that are necessarily incurred in litigation, but only a narrow subset. *Taniguchi,* 132 S. Ct. 1997, 2006. Costs incurred in hosting documents electronically, and particularly in hosting costs that exponentially exceed the amount space needed for the amount of data actually produced, as here, simply do not fit under section 1920's narrow limit of "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Indeed, in light of the narrow reading of the statute required by *Taniguchi*, at least one court in this district has found that the costs of electronic data storage are not permissible as "exemplification costs" under section 1920. *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952. As the district court there reasoned, "similar to the need in the paper-document era for members of the litigation team to gather and organize boxes of documents in warehouses for review and production, the fact that preliminary tasks related to organizing and maintaining electronic data are necessary does not make them taxable under Section 1920." *Alzheimer's Inst.,* 2013 U.S. Dist LEXIS 31952 at *16-*17.

Moreover, the Ninth Circuit and the courts of this district have long held that costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents. *Zuill v. Shanahan,* 80 F.3d 1366, 1371 (9th Cir.1996) ("fees for exemplification and copying are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production"); *Romero v. City of Pomona,* 883 F.2d 1418, 1427-28 (9th Cir.1989) (costs for experts who "assembled, analyzed and distilled the data incorporated into their trial exhibits" denied despite argument that costs were integral exemplification); *Oracle Am., Inc. v. Google Inc.*, C 10-03561 WHA, 2012 WL 3822129 at *3 (N.D. Cal. Sept. 4, 2012) (e-discovery fees denied where the court found that costs were incurred "intellectual effort" in gathering and analyzing the documents rather than reproducing the documents); *Plantronics, Inc. v. Aliph, Inc.*, C 09-01714 WHA(LB), 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) (costs for electronic .TIFF and .PDF conversion and OCR of documents produced in discovery were permissible exemplification costs, but pre-production document collection and processing costs were not).

5

Apple argues that it warned Ancora about taking discovery positions, particularly positions that ostensibly required Apple to collect and preserve internal emails, could lead to increased costs. Apple contends that these costs are related to production of documents, or preparation to produce documents, and therefore are compensable. Leaving aside the question of whether Ancora's requests did or did not require storage of large amounts of emails, the authorities Apple cites in support of recovery of these costs are not persuasive. The cases are from courts outside this district and, more importantly, predate *Taniguchi*.

Thus the Court finds that Ancora's objection to the $71,611.52 sought by Apple for "License Fee [Hosting of data for production]" is well taken. The motion as to these costs is **GRANTED** and the costs award will be reduced by **$71,611.52**.[1]

**C.    "CUSTOM WORK" AND "REPLACEMENT" OF ELECTRONIC DOCUMENTS**

Ancora disputes certain other entries under the document production costs heading. Ancora argues that the entries and invoices for "custom work" ((Dkt. No. 129-5 at CTRL No. 7, 54-59, 65-67, 72, 75, 77-78, 89, 121, 122, 134-137, and 145) and "replacement" charges (Dkt. No. 129-5 at CTRL No. 109, 132-133) do not explain adequately the nature of the charge and how it relates to production of documents to Ancora. The Court agrees.

Apple now contends that these amounts are costs incurred for "replacing corrupted electronic documents and resolving technical issues during the processing of documents for production." (Oppo. Br. at 7:1-3.) However, the evidence to which Apple cites - the declaration of Francis Ho in support of the Bill of Costs - does not mention corrupted documents or technical issues, or otherwise explain the costs, nor do the attached invoices. (*See* Ho Dec., Dkt. No. 129-1, ¶ 7; Dkt. No. 129-5 at CTRL No. 7, 54-59, 65-67, 72, 75, 77-78, 89, 121, 122, 134-137, and 145 [invoices].) Apple's post hoc justification for the amounts in the Bill of Costs does not satisfy Local Rule 54-1 and the costs must be denied. The motion as to these costs is **GRANTED** and the costs award will be reduced by **$5,375.46.**

---

[1] In addition, even if costs might be compensable for hosting of e-discovery documents actually produced, Apple did not provide sufficient documentation with its Bill of Costs to establish the amount of those fees as compared to the total hosting fees it sought. The motion is therefore properly granted on these grounds as well.

6

### D. DOCUMENTS PRINTING FOR DEPOSITION PREPARATION AND *MARKMAN* HEARING

Ancora next objects to costs associated with printing of documents for deposition preparation or case analysis in the amount of $3,998.05. (Bill of Costs Exhibit D, Dkt. No. 129-5 at CTRL Nos. 149-166). Ancora complains that some costs were incurred for conversion of documents into PDF and OCR of the documents. However, as stated above, these charges are taxable. Ancora also argues that the depositions of the experts were not lengthy, and so copying of 7,000 pages of documents in preparation for those depositions is *per se* unreasonable, but offers no evidence or authority to support that argument.

The Court is not persuaded. Local Rule 54-3(d)(3) allows the "cost of reproducing disclosure of formal discovery documents when used for *any purpose in the case*." The presumption in favor of awarding these printing costs, which fall squarely within the bounds of section 1920, requires that the motion be **DENIED** as to these costs.

### E. VISUAL AIDS, INCLUDING EQUIPMENT RENTAL AND GRAPHICS SERVICES

Ancora objects to Apple's request for $13,227.95 in visual aid costs which Apple claims "were necessarily obtained and used to assist the court in understanding the technology behind the patent-in-suit." (Dkt No. 129-1, Ho Declaration at ¶ 9).

Ancora first objects to $3,154.00 for the "cost of preparing charts, diagrams, videotapes and other visual aids to the Court." (Dkt. No. 129-7 at pg. 2-3, Column "Cost Type"). The supporting invoice indicates that this cost was incurred for rental of equipment and technical support. (Dkt. No. 129-7 at pg. 7). Local Rule 54- 3(d)(5) does not permit recovery for technical support and equipment rental used at a *Markman* hearing. *Plantronics*, 2012 WL 6761576 at **9-10 (disallowing $7,257.30 cost of technical support and equipment rental to present visual aids during *Markman* hearing); *Minor v. Christie's, Inc.,* No. C 08-05445 WHA, 2011 WL 902235 at *24 (N.D.Cal. Jan.29, 2011) (Local Rule 54-3(d) excludes cost of equipment rental to present visual aids)*; American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.,* No. C 04-3518 SBA, 2007 WL 832935, at *3 (N.D.Cal. Mar.19, 2007) (fees for video technician not taxable). As a result, these costs are denied.

Ancora also objects to costs totaling $9,943.75 listed as pertaining to "graphics consulting" services. (Dkt. No. 129-7 at pg. 2-3). Ancora argues that the total time for both the technology tutorial and *Markman* hearing was less than 4 hours such that the costs sought equate to a rate of $2,485.94 per hour, an amount far beyond the actual production costs of visual aids "reasonably necessary to assist the jury or the Court in understanding the issues at the trial" under section 1920(4) and Local Rule 54-3(d)(5). Apple counters that courts routinely award these kinds of costs where graphics and animated presentations are needed to explain technical issues to the court in a patent tutorial or *Markman* hearing.

As the district court stated in the *Computer Cache Coherency* case, "[o]nly the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Computer Cache Coherency*, 2009 WL 5114002 at *1-2; *see also Zuill,* 80 F.3d at 1371 (same); *Romero,* 883 F.2d at 1427-28 (9th Cir. 1989) (same); *Plantronics,* 2012 WL 6761576 (same).

Here, the actual graphics consulting time sought amounts to 46.25 hours at a rate of $215 per hour for "graphics consulting: graphics production." (Exh. F., Dkt. No. 129-7 at 8-10.) No further information is provided on the bill of costs, invoices, or the Ho Declaration to explain the nature of the costs. The amount of time billed indicates that the costs are more than simply the time to produce the graphics themselves and instead include the "intellectual effort" needed to create their content. The Ho declaration and the supporting exhibits do not offer sufficient detail to determine whether the costs sought include the "intellectual effort" to create the content of the presentation, rather than its basic "physical preparation." (*See* Bill of Costs Ho Decl. at ¶ 9, Exh. F.) Particularly given the Supreme Court's recent statements in *Taniguchi*, adhering closely to costs that fit within the narrow limits of section 1920 compels the conclusion that these costs must be denied. Therefore, the motion for review is **GRANTED** as to the graphics consulting and equipment rental costs, and the costs award is reduced by **$13,097.75**.

Ancora also objects to the costs of thumb drives used for the visual aids, asserting that the costs per drive is excessive compared to purchasing the same item at a discount supplier. These

8

costs are of a type that is taxable. Ancora has not met its burden to overcome the presumption that the costs should be awarded with respect to these items, and the motion is **DENIED** in this regard.

### F. COSTS ASSOCIATED WITH DEPOSITION TRANSCRIPTS

Apple seeks $4,891.95 in costs for deposition transcripts (original plus one copy, including video) and for deposition exhibits pursuant to 28 U.S.C. §§ 1920(2)-(4) and Local Rule 54-3(c)(1).[2] Ancora objects that Apple is seeking costs for "extras" such as rough transcripts and costs of video deposition in addition to a certified transcript and copy. Ancora objects to $1,950.65 being requested by Apple and requests the taxable cost be reduced to $3,073.95. Apple counters that the two copies for which it seeks reimbursement include a combination of any two copies of the final, rough (ASCII), videotape, RealTime, or electronic (e-trans), depending on what the deposition vendor provided, but Apple does not seek to claim costs for more than two copies of the transcript.

Local Rule 54-3(c)(1) allows costs for an original and a copy, *i.e.* two versions of the deposition transcript. Here, the Court finds no reason to deny costs which conform to this rule, even if the second copy is a rough ASCII or a video. Therefore the motion is **DENIED** as to these costs.

### IV. CONCLUSION

Ancora's Motion for Review is **GRANTED IN PART AND DENIED IN PART** as stated herein. Accordingly, the Court **ORDERS** that the Clerk's Order taxing costs in the amount of $111,158.23 (Dkt. No. 135) is reduced by $90,282.75 for a total costs award of **$20,875.48** to be included in the judgment.

This Order terminates Docket No. 136.

**IT IS SO ORDERED.**
Dated: August 26, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[2] In its response to the motion, Apple withdrew its request for $198.00 in costs with respect to the entry "Original and 1 Certified Transcript for witness Ian Jestice," and is now seeking reimbursement only for the videotaped deposition of Ian Jestice and hard copy exhibits. (Oppo. at 10:26-28; *see* ECF No. 129- 6 at Ctrl. No. 1.)