UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANCORA TECHNOLOGIES, INC.**, <br> Plaintiff, <br> v. <br> **APPLE INC.**, <br> Defendant. | Case No. 11-cv-06357-YGR <br><br> **ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS** <br> Re: Dkt. No. 171 |

On August 25, 2015, defendant Apple Inc. filed a motion for leave to supplement its invalidity contentions pursuant to Patent Local Rule 3-6. (Dkt. No. 171 ("Mot.").) Plaintiff Ancora Technologies, Inc. opposes the motion. (Dkt. No. 172.) The Court heard argument on September 29, 2015. Having carefully considered the papers submitted, the record in this case, and the arguments of counsel, and good cause shown, the Court **DENIES** the motion.

**I.   BACKGROUND**

This patent infringement action, wherein plaintiff asserts U.S. Patent No. 6,411,941 (the "'941 Patent" or the "patent-in-suit"), was filed in the Central District of California on December 29, 2010. (Dkt. No. 1.) The case was transferred to this District on December 15, 2011. (Dkt. No. 66.)

Prior to the transfer, plaintiff served its infringement contentions on September 14, 2011. (Dkt. No. 171-1, Ex. A.) Defendant submitted its invalidity contentions on October 28, 2011. (*Id*., Ex. B.) In part, defendant contended the asserted claims were obvious in light of certain prior art, namely U.S. Patent No. 6,185,678 (the "'678 Patent"). (*Id*., Ex. B at 3.) According to defendant, it did not then assert that the '941 Patent was anticipated by the '678 Patent, because at the time defendant was arguing in connection with this litigation that the claim term "program" in the patent-in-suit was limited to "software application[s] that interact[] with and rel[y] on the

1   operating system," whereas the '678 Patent involves an operating system initialization process.
2   (*See* Mot. at 2; Dkt. No. 107 at 11.)

3   On December 31, 2012, the Court issued a claim construction order, construing "program"
4   in the context of the '941 Patent as "a set of instructions for software applications that can be
5   executed by a computer." (Dkt. No. 107 at 16.) After claim construction, defendant filed an
6   unopposed motion for summary judgment of non-infringement. (Dkt. Nos. 108, 119.) On April
7   29, 2013, summary judgment was entered in favor of defendant. (Dkt. No. 121.) Plaintiff
8   appealed the Court's "program" construction to the Federal Circuit.

9   On June 12, 2014, the Federal Circuit issued its mandate after having affirmed in part and
10  reversed in part this Court's earlier order. (Dkt. Nos. 147, 149.) The Federal Circuit reversed the
11  Court's construction of "program." (Dkt. No. 147 at 5.) Defendant's petition for a writ of
12  certiorari was denied on January 12, 2015. *Apple Inc. v. Ancora Techs., Inc.*, 135 S. Ct. 957
13  (2015). The Court held a case management conference on May 11, 2015. (Dkt. No. 164.) On
14  August 11, 2015, plaintiff filed a new action against defendant, asserting the same patent but
15  accusing a new set of products. *See Ancora Techs., Inc. v. Apple Inc.*, Case No. 15-cv-3659 (N.D.
16  Cal.) at Dkt. No. 1. The two cases were related. (Dkt. No. 170.) On August 25, 2015, defendant
17  filed the instant motion.

18  **II.     LEGAL STANDARD**

19  The Northern District of California's Patent Local Rules require plaintiffs and defendants
20  to disclose their respective infringement and invalidity contentions in a timely manner. Pat. L.R.
21  3-1, 3-3; *see also Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846 LHK, 2012 WL
22  1067548, at *1 (N.D. Cal. Mar. 27, 2012) ("The rules . . . seek to balance the right to develop new
23  information in discovery with the need for certainty as to the legal theories.") (quoting *O2 Micro*
24  *Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006)). Patent Local
25  Rule 3-6 permits amendment of infringement or invalidity contentions "only by order of the Court
26  upon a timely showing of good cause." The present incarnation of the Rule provides a "non-
27  exhaustive" set of examples that, "absent undue prejudice" to the opposing party, may constitute
28  good cause:

2

    (a) A claim construction by the Court different from that proposed by the party seeking amendment;

    (b) Recent discovery of material, prior art despite earlier diligent search; and

    (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Pat. L.R. 3-6; *see also Acer, Inc. v. Tech. Properties Ltd.*, No. 5:08-CV-00877 JF/HRL, 2011 WL 1838768, at *2 (N.D. Cal. May 13, 2011) (noting that to succeed on its motion, the movant "must show first that it was diligent in amending its contentions and then that the non-moving parties will not suffer undue prejudice if the motion to amend is granted") (citing *O2 Micro Int'l Ltd.*, 467 F.3d at 1366-68).  Here, as the movant, defendant bears the burden of establishing it acted diligently.  *See id.* at *3.

## III. DISCUSSION

  Defendant seeks to supplement its invalidity contentions in the following ways: (1) arguing the '678 Patent anticipates the asserted claims; (2) pointing to prior art relating to SunOS and MATLAB; and (3) claiming the patent-in-suit is directed to ineligible subject matter pursuant to 35 U.S.C. § 101.  The Court addresses each in turn.

  First, defendant's initial contentions posited that the patent-in-suit was obvious in light of the '678 Patent.  At the time, defendant purportedly did not assert anticipation because it believed a single limitation of the patent-in-suit—the "program" limitation—was not covered by the '678 Patent.  This was apparently due to defendant's position that the patent-in-suit's "program" term should be limited to "software applications."  Thus, it would not be fully anticipated by the operating system initialization process addressed in the '678 Patent.  As noted above, while the Court's construction—as with defendant's proposal—limited the term to cover "software applications," the Federal Circuit ultimately held otherwise, finding the term "program" was not so limited.  (Dkt. No. 147 at 5.)

  Second, defendant seeks to add certain prior art relating to SunOS (a UNIX-based system) and MATLAB.  The Court's December 31, 2012 claim construction order construed the term "BIOS," in part, as "the set of essential startup operations that run when a computer is turned on,

3

which tests hardware, starts the operating system, and supports the transfer of data among hardware devices." In so doing, the Court rejected defendant's proposal that the term be limited to "software routines on *IBM PC compatible computers* that handle startup operations and support the transfer of data among peripheral devices." (Dkt. No. 147 at 8 (emphasis added).)

Finally, defendant seeks to assert the patent-in-suit is invalid as directed to ineligible subject matter under 35 U.S.C. § 101. Since defendant served its invalidity contentions on October 28, 2011, the case law relating to Section 101 has developed substantially in light of the Supreme Court's landmark decision in *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2349, and subsequent opinions by the Federal Circuit.

These developments would, in the exercise of diligence, warrant leave to amend. However, in the instant case, defendant's conduct fell far short of clearing that bar. Defendant waited more than seven months from the exhaustion of the appellate process and more than three months from the first case management conference that followed the issuance of mandate to move to amend. It is not clear how the limited scope of the amendments—assertion of an additional ground for invalidity as to a patent cited in its original contentions; a search for more prior art based on a single, years-old claim construction; and assertion of invalidity under Section 101 in light of a 2014 Supreme Court decision—would have necessitated a delay of weeks, let alone months.[1] The proffered justification at the hearing of competing work schedules for defense

---

[1] Presumably defendant considered it inefficient to renew its prior art search before the exhaustion of appeals relating to the "BIOS" construction. However, defendant's argument that "it was uncertain when and in what form this case would recommence," and therefore held off on such a search for months after certiorari was denied until a case management conference was held, is not convincing. Moreover, defendant claims its initial 475 hours spent on searching the prior art constitutes a diligent search, with the newly discovered material falling under the "recent discovery of material, prior art despite earlier diligent search" example of circumstances that might justify leave to amend. However, diligence would have required defendant to complete its anticipated supplemental search as soon as practicable once mandate issued and certiorari was denied—not several months later. On the other hand, the Court rejects plaintiff's suggestion that defendant was obligated to begin searching for prior art in light of plaintiff's proposed constructions prior to the Court adopting said constructions. *See Positive Technologies, Inc. v. Sony Electronics, Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *3 (N.D. Cal. Jan. 28, 2013) (noting a defendant, in the exercise of diligence, need not "identify all relevant prior art references that may become relevant to all possible claim constructions" prior to a court order adopting said constructions); *but see Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *3 (N.D. Cal. Feb. 26, 2014) (finding lack of diligence where movant had been aware of non-movant's constructions, which were ultimately adopted by the court, for more than a year).

4

counsel during the intervening months does not excuse the delay.  *See Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *3 (N.D. Cal. Feb. 26, 2014) ("Several courts have found that a delay of three months before seeking amendment is too long to establish diligence.").

Having found defendant did not exercise diligence in moving to amend, the Court need not address the question of prejudice to plaintiff.  Nevertheless, the Court notes that plaintiff would suffer prejudice stemming from some of the proposed additions.  For instance, addressing the SunOS/MATLAB prior art might necessitate additional third-party discovery as the close of discovery nears.

Finally, defendant's request that the Court overlook defendant's lack of diligence due to the import of the additional grounds for invalidity that it seeks to assert is unpersuasive. Defendant will have the opportunity to offer these same challenges in the newly filed related case asserting the same patent.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion for leave to supplement its invalidity contentions.

This Order terminates Docket Number 171.

**IT IS SO ORDERED.**

Dated: September 30, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**